DAVID L. LEVINE, complainant-respondent,

*v.*

LAFAYETTE BUILDING CORPORATION, defendant-appellant.

[Argued June 4th, 1929—Decided February 3d, 1930.]

*Mr. William J. Morrison, Jr.,* for the appellant.

*Mr. Merritt Lane,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

As we read the so-called "agreement of sale," which is set out substantially in full in the opinion of the vice-chancellor, *ubi supra,* it is on its face incomplete, and on its face it contemplates a "formal contract" which naturally would settle

certain terms not stipulated in the existing paper; noticeably, the details of the first mortgage, subject to which the conveyance is to be made (except the term of five years which is stated in the paper) and also of the second mortgage. Assuming that the offer of cash in lieu of the latter would obviate the difficulty in that regard, the first mortgage remains unsettled.

There was no first mortgage in existence when this paper was signed, as the Lafayette corporation had no title, but only a contract of sale. They did have title when the decree under review was made, and had executed a purchase-money mortgage for $70,000 payable in installments, and had actually paid off some $15,000 of the principal thereon.

The court of chancery, starting with what we consider a false premise (*i. e.*, that the paper could be regarded as a complete contract even though preliminary and contemplating a formal contract) proceeded, on the theory of the line of cases typified by *Luczak* v. *Mariove, 92 N. J. Eq. 377; affirmed, 93 N. J. Eq. 501,* to provide for the change of the installment mortgage into a straight mortgage at six per cent., to run five years from the date of passing title and an additional mortgage to cover the $15,000 paid off, but without any provision as to due date of interest, or rights to call principal for default in the interest, taxes, and the like, usual in such cases.

Holding, as we do, that the paper is on its face incomplete, and contemplates later completion by treaty and the execution of a contract containing the essential omitted terms, the whole structure of the decree falls. *Venino* v. *Naegele, 99 N. J. Eq. 183; affirmed, 100 N. J. Eq. 357.*

With respect to the leading case of *Wharton* v. *Stoutenburgh, 35 N. J. Eq. 266,* cited several times in the opinion below, it may be well to point out, as was done recently in *Hanman* v. *Wilson, 101 N. J. Eq. 743, 748, 749,* that it was a suit by a landlord against a tenant who had gone into possession, to compel the tenant to execute a written lease prepared by counsel, in complete form, and the terms. whereof had been orally agreed on by the parties to the last punctua-

tion mark. The case was therefore one of specific performance of an oral contract partially performed.

The fact that the further payment of $4,000 was made as provided in the paper now under review, does not help matters. That it amounted to a part performance so as to take the case out of the statute of frauds, is expressly disclaimed in appellant's brief. As evidence of intent to consider the paper a binding contract it is not persuasive, in view of the surrounding circumstances, even if competent.

The decree will be reversed and the cause remanded with directions to enter a decree dismissing the bill.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.